UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED

OCT 2 3 2014

CLERK

|  |  |
|---|---|
| TORI LINDSTROM,<br><br>        Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br><br>        Defendant. | Case No. 14-CV-4159<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Second Judicial Circuit for Minnehaha County, South Dakota, Civil Action No. 14-2428. In support of its Notice of Removal, Prudential states as follows:

1.     On or about September 25, 2014, Plaintiff filed his Complaint in the Second Judicial Circuit for Minnehaha County, South Dakota, titled *Tori Lindstrom v. The Prudential Insurance Company of America*, Civil Action No. 14-2428. There are no other defendants named in Plaintiff's complaint.

2.     Pursuant to SDCL 58-6-39, Prudential was served on or about September 29, 2014 by certified mail.

3.     A copy of the Summons and Complaint, which constitutes all "summons, pleadings and orders" served upon Prudential in the state court action, is attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

4.      In her Complaint, Tori Lindstrom ("Plaintiff") alleges "Defendant issued a life insurance policy to Joseph Tanner Olsen in South Dakota through his employer, Pipestone Systems." (Compl. ¶ 3). Plaintiff further alleges she is "the beneficiary of the defendant's life insurance policy insuring Joseph Tanner Olsen." (Compl.¶ 4.)   Plaintiff claims that Defendant acted in bad faith "in refusing to pay the life insurance proceeds." (Compl.¶ 10.)

5.      Although the Complaint does not explicitly reference ERISA, the Complaint relates to a group insurance plan, Group Contract No. PVIB-03 (attached as Exhibit B), which was offered by Plaintiff's employer, Pipestone Systems, to its employees, including Plaintiff. (*See* Compl. ¶ 4.)  Group insurance benefits offered by Pipestone Systems to its employees constitute or are part of an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, et seq.

6.      ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under an employee benefit plan. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

7.      As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 132(a)).

8.      A claim seeking benefits under an ERISA plan that is filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law,

2

even where the complaint does not on its face allege that it arises under ERISA. *See, e.g.,*
*Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make
causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. §
1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be
regarded as arising under the laws under the United States.").

9.      Accordingly, because this action seeks life insurance benefits pursuant to an
ERISA-regulated plan, this action arises under federal law (specifically, ERISA § 502(a)(1)(B),
29 U.S.C. § 1132(a)(1)(B)).  The Court thus has original jurisdiction of this action pursuant to
28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a).

10.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of
which the district courts of the United States have original jurisdiction, may be removed by the
defendant or the defendants, to the district court of the United States for the district and division
embracing the place where such action is pending."

11.     Plaintiff's ERISA claim arises under the laws of the United States within the
meaning of 28 U.S.C. § 1331.  Accordingly, this action is removable to this Court pursuant to
28 U.S.C. § 1441(a).

12.     This Notice of Removal has been filed within thirty (30) days after receipt of
service of process and thus is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal
Rules of Civil Procedure.

13.     Removal is appropriate "to the district court of the United States for the district
and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Pursuant
to 28 U.S.C. § 122(2), this Court embraces the Second Judicial Circuit for Minnehaha County,

South Dakota. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

14.     Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel, and to the Clerk for the Second Judicial Circuit for Minnehaha County, South Dakota,, as required by 28 U.S.C. § 1446(d). A copy of the notice is attached as Exhibit C.

15.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, this Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

16.     Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential asks that the Court retain jurisdiction and allow it to file a motion asking this Court to certify any remand order for interlocutory review by the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the District of South Dakota. Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

Dated:  October 23, 2014

WOODS, FULLER, SHULTZ & SMITH P.C.

By _____

    J. G. Shultz
    300 South Phillips Avenue, Suite 300
    Sioux Falls, SD 57104
    (605) 336-3890
    jeff.shultz@woodsfuller.com

    *Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2014, a true and correct copy of the foregoing Defendant's Notice of Removal was electronically filed with the Court and served on Michel E. Unke, 341 North Main, Box 529, Salem, South Dakota, 57058-0529, Attorney for Plaintiff, via ECF.

_____

    *One of the Attorneys for Defendant*